**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ANTON PANIN,

Petitioner,

v. No. 2:26-cv-03663-KG-DLM

MARKWAYNE MULLIN; *et al.*,

Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Anton Panin's pro se Petition for a Writ of Habeas Corpus ("Petition"), Doc. 1, and the Response, Doc. 6. Also before the Court is Petitioner's Motion for Leave to Proceed Pursuant to 28 U.S.C. § 1915 ("Motion to Proceed IFP"), Doc. 2. For the reasons below, the Court grants the Petition and orders his immediate release. The Court also grants the Motion to Proceed IFP.

Petitioner challenges his post-removal detention and seeks immediate release. Doc. 1 at 6–7. Respondents do not contest the facts presented in the Petition. *See* Doc. 6 at 1 ("For purposes of this specific case, Respondents are not submitting a factual Declaration or legal brief in opposition to the Petition."). The Court therefore concludes that 8 U.S.C. § 1231 governs Petitioner's detention. *See Abedi v. Carter*, --- F.4th ---, 2026 WL 3149141 at *25 (10th Cir. Oct. 21, 2026) (explaining that once a noncitizen's removal is "no longer reasonably foreseeable" or detention otherwise "exceeds a period reasonably necessary to secure removal," then the noncitizen's "continued detention is no longer authorized by statute" and they must be released under an order of supervision (quoting *Zadvydas v. Davis*, 533 U.S. 678, 699–700 (2001)). Petitioner's detention violates due process under framework established by the

Supreme Court in *Zadvydas* because he has provided good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *See* 533 U.S. at 689 ("[Section 1231 . . . limits a[] [noncitizen's] post-removal-period detention to a period reasonably necessary to bring about that [noncitizen's] removal from the United States. It does not permit indefinite detention."). Respondents do not rebut this assertion, nor do they challenge the facts contained in Petition. *See* Doc. 6 at 1.

In habeas corpus proceedings, "a federal court 'possesses power to grant *any form of relief necessary* to satisfy the requirement of justice.'" *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (quoting *Levy v. Dillon*, 415 F.2d 1263, 1265 (10th Cir. 1969)). Immediate release is the appropriate remedy for the due process violation in this case. *See, e.g.*, *Jiminez Chacon v. Lyons*, 811 F. Supp. 3d 1229 (D.N.M. 2025).

## ***I. Conclusion***

For the reasons above, Petitioner's continued detention violates § 1231(a). The Petition for a Writ of Habeas Corpus, Doc. 1, is GRANTED and the Motion to Proceed IFP, Doc. 2, is GRANTED. The Court orders that:

1. Respondents shall release Petitioner within forty-eight (48) hours of this Order. Respondents shall not impose any new conditions of release.
2. Respondents are enjoined from re-detaining Petitioner absent a showing that his removal is reasonably foreseeable—such as communications from foreign governments and Respondents' anticipated timeline.
3. Respondents shall file a status report within ten (10) business days certifying compliance.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales____________________
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.